United States District Court
Southern District of Texas
**ENTERED**
June 23, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROBERT LEE WELLS, § | |
| (TDCJ-CID #1607137) § | |
| § | |
| Petitioner, § | |
| § | |
| vs. § | CIVIL ACTION H-19-3429 |
| § | |
| LORIE DAVIS, § | |
| § | |
| Respondent. § | |

**MEMORANDUM AND OPINION**

The petitioner, Robert Lee Wells, moves under 28 U.S.C. § 2254, challenging three state felony convictions. The respondent moved for summary judgment on the ground that the petition should be dismissed for failure to exhaust available state court remedies. (Docket Entry No. 16). A copy of the state court record has been filed. Wells has not responded to the motion for summary judgement.

The threshold issue is whether the respondent's motion for summary judgment should be granted.

**I.     Background**

Wells pled guilty to two counts of aggravated sexual assault of a child under fourteen and one count of attempted aggravated sexual assault of a child under fourteen. (Cause Numbers 1194803, 1192044, and 1192045). On October 8, 2009, the 262nd Judicial District Court of Harris County, Texas sentenced Wells to forty years imprisonment in each count of aggravated sexual

assault of a child under fourteen, and twenty years imprisonment for attempted aggravated sexual assault of a child under fourteen. The sentences were to be served concurrently.

On September 4, 2019, this Court received Wells's federal petition. Wells contends that his conviction is void because:

1) The evidence was insufficient for the trial court to accept his guilty plea;

2) The trial court did not properly admonish him of the minimum sentence for the crimes for which he was charged;

3) His guilty plea was not knowingly and voluntarily made because he did not have a proper understanding of the nature and relevant law of the charged offenses;

4) He was convicted in violation of double jeopardy because his guilty plea to the offense of attempted aggravated sexual assault of a child under 14 precluded the State from charging him with aggravated sexual assault of a child under 14;

5) He was denied effective assistance of trial counsel because trial counsel did not advise him that he was being charged in violation of double jeopardy;

6) He was denied effective assistance of trial counsel because trial counsel failed to call an expert witness to rebut the State's expert; and

7) The trial court erred by using the insufficient information provided in the Pre-Sentence Investigation Report to sentence him.

(Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 7-9).

## II.    Exhaustion

Prisoners suing under § 2254 must exhaust their claims in state court before applying for federal habeas relief, unless there are circumstances that make the state corrective process ineffective to protect the prisoner's rights. *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). *See Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). To exhaust, a petitioner must "fairly present" all of his claims to the state court. *Picard v. Connor,* 404

U.S. at 275-76; *Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim is not exhausted unless the habeas petitioner provides the highest state court with a "fair opportunity to pass upon the claim," which in turn requires that the petitioner "present his claims before the state courts in a procedurally proper manner according to the rules of the state courts." *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999)(quoting *Dupuy v. Butler,* 837 F.2d 699, 702 (5th Cir. 1988)). Full exhaustion of all claims presented is required before federal habeas corpus relief is available. *Rose v. Lundy,* 455 U.S. 509, 518-22 (1982). The exhaustion requirement is not satisfied if the petitioner presents new legal theories or factual claims in his federal habeas petition. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139 (1998)(citing *Anderson v. Harless*, 459 U.S. 4, 6-7 (1982)).

Congress has codified the exhaustion requirement in 28 U.S.C. § 2254(b) and (c), which state:

> (b) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State; or (B) (i) there is an absence of available state corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

A federal court should dismiss a state prisoner's federal habeas petition if the prisoner has not exhausted available state remedies as to any of his federal claims. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). The exhaustion requirement gives the states the first opportunity to address and correct alleged violations of a state prisoner's federal rights. *McGee v. Estelle*, 704 F.2d 764, 770 (5th Cir. 1983).

The respondent argues that Wells failed to exhaust his state-court remedies because he did not present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for state post-conviction relief under art. 11.07 of the Texas Code of Criminal Procedure. Texas law allows Wells to exhaust his state claims by application for a writ of habeas corpus with the Texas Court of Criminal Appeals. TEX. CODE CRIM. PROC. art. 11.07. This federal petition is dismissed, without prejudice, to allow Wells to do so.

## III.    Conclusion

The respondent's motion for summary judgment, (Docket Entry No. 16), is GRANTED. Wells's petition for a writ of habeas corpus is DENIED. This case is dismissed, without prejudice, because Wells failed to exhaust his state remedies on all his claims to the state's highest court of criminal jurisdiction. 28 U.S.C. § 2254. Any remaining motions are denied as moot.

No certificate of appealability will issue because Wells has not made a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000)(citing *Slack v. McDaniel,* 429 U.S. 473, 483 (2000)). A petitioner makes a substantial showing when he demonstrates that his motion involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000). When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and whether the district court was correct in its procedural ruling. *Rudd v.*

*Johnson,* 256 F.3d 317, 319 (5th Cir. 2001)(citing *Slack,* 529 U.S. at 484).  Wells has not made the necessary showing.

SIGNED at Houston, Texas, on   June 22   , 2020.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE